UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMED EL KARMASSI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DR. BRUNZ,<br><br>                    Defendant. | 4:20-CV-04093-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Mohammed El Karmassi, filed a pro se lawsuit. Docket 1. El Karmassi moves for leave to proceed without prepayment of fees and included a financial affidavit. Docket 2. He moves for appointment of counsel. Docket 3.

## I.      Motion for Leave to Proceed without Prepayment of Fees

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of El Karmassi's

financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, El Karmassi's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

## II.   28 U.S.C. § 1915 Screening

### A.   Factual Background

The facts alleged in El Karmassi's complaint are: that El Karmassi started seeing Dr. Brunz at the Orthopedic Institute for an annular tear and bulging disk. Docket 1 at 3, 5. Dr. Brunz diagnosed El Karmassi with arthritis, scaiatica, chronic pain, and nerve damage that required El Karmassi to have surgery on his lower back. *Id.* at 3. El Karmassi claims that Dr. Brunz made him get an MRI and that Dr. Brunz told the state of South Dakota that El Karmassi's problem was muscular. *Id.* El Karmassi believes this has hindered his ability to file for workers' compensation. *See id.*

El Karmassi claims that Dr. Brunz lied to him and seeks reimbursement for having to drive to his treatments, for the cost of back surgery, for health damages, and for his depression. *Id.* On his civil cover sheet, El Karmassi marked that the basis of jurisdiction was that the United States government was the plaintiff and that the plaintiff and defendant were citizens of this state. *Id.* at 5. The nature of the suit was marked as personal injury/medical malpractice. *Id.*

### B.   Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then

determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F.

3

App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

## C.   Legal Analysis

"[F]ederal courts are courts of limited jurisdiction[.]" *United States* v. *Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.' " *Id.* (alterations in original) (quoting *Clark v. Baka,* 593 F.3d 712, 714 (8th Cir. 2010)).

Federal courts have subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction. Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States [.]"

El Karmassi's complaint does not raise a federal question. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' " *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alterations in original)

(quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). El Karmassi raises a state-law claim for personal injury/medical malpractice.

El Karmassi's complaint does not allege diversity jurisdiction. Under 28 U.S.C. § 1332(a), "[d]iversity jurisdiction 'requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants.' " *E3 Biofuels, LLC* v. *Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC* v. *Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). " 'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' "*Id.* (quoting *OnePoint*, 486 F.3d at 346). Here, El Karmassi claims that he and Dr. Brunz are citizens of South Dakota, and he does not allege a specific amount in controversy. Docket 1 at 5. Because this court does not have subject matter jurisdiction over El Karmassi's complaint, El Karmassi's complaint is dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Thus, it is ORDERED:

1. That El Karmassi's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

2. That El Karmassi's complaint is dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. That judgment is entered in favor of Dr. Brunz and against El Karmassi.

4. That El Karmassi's motion for appointment of counsel (Docket 3) is

denied.

Dated July 2, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE